UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>ISRAEL GARCIA, et al.,<br><br>    Defendants. | Case No. 16-cv-06205-JCS<br><br>**REPORT AND RECOMMENDATION RE SUA SPONTE REMAND** |

## I.   INTRODUCTION

Plaintiff U.S. Bank Trust, N.A., brought an unlawful detainer action in Contra Costa County Superior Court against Defendants Israel Garcia and Yolanda Velazquez Garcia. Defendant Israel Garcia ("Garcia"), proceeding pro se, removed the case to this Court. *See* Notice of Removal (dkt. 1). The notice of removal is styled as both a removal and a complaint. The undersigned recommends that this case be REMANDED sua sponte to the Superior Court of California for the County of Contra Costa.

## II.   ANALYSIS

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of

showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Defendant's Notice of Removal carries the headings "Notice of Removal" and "Complaint For: Violations of 12 U.S.C. § 2601, et seq. [Real Estate Settlement Procedures Act ("RESPA")] Calif. C.C.P. 430.90." The document does not cite the legal standards governing removal and instead is styled as a complaint that invokes federal question jurisdiction under 28 U.S.C. § 1331 based on the assertion of federal claims under RESPA. *See* Notice of Removal ¶3. Nonetheless, to the extent Garcia has removed a pending action brought against him in state court, the Court construes the claims in his Notice of Removal as counter-claims. Federal question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. In order for removal to be proper, however, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Removal jurisdiction "cannot be based on a counterclaim or cross-claim raising a federal question," regardless of whether it is filed in state or federal court. *Redevelopment Agency of City of San Bernardino v. Alvarez*, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) (citing *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918) ("It is also settled that a case, arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant ..., but that such conversion can only be accomplished by the voluntary amendment of his pleading by the plaintiff. . . .")). Because the underlying unlawful detainer complaint in this action alleges only violations of California state law, the undersigned finds no basis for federal jurisdiction, and recommends that the case be remanded.[1]

---

[1] The Court notes that Garcia has not invoked diversity as a basis for federal jurisdiction and in any event, he could not remove the action on that basis because he is, according to the allegations in the Notice of Removal, a citizen of the State of California. *See* 28 U.S.C. § 1441(b)(2) (a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

2

### III. CONCLUSION

For the reasons stated above, the undersigned recommends that this action be REMANDED to the California Superior Court for Contra Costa County.  **The Case Management Conference set for January 27, 2017 is vacated.**  Because the parties have not consented to the jurisdiction of a United States magistrate judge, this case will be reassigned to a United States district judge for further proceedings, including action on these recommendations.  Any party may file objections to these recommendations within fourteen days of being served with a copy of this Report.

**IT IS SO ORDERED.**

Dated: October 31, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge